*LYDIA JONES v. JACOB JONES.    [155

Inexplicable facts—both parties faulty—divorce from bed and board—alimony.

It is altogether unjustifiable for a man to turn his wife and children out of doors, and leave them without support; and efforts to place his property out of the reach of the law, to prevent her from getting it, will not be permitted to avail him.

Where some of the conduct of the parties is unexplained, or both are to blame, both having before applied for a divorce without success, and a further effort to reconcile them appear useless, they may be divorced from bed and board, and alimony allowed the wife.

DIVORCE. Cause, extreme cruelty.

These parties lived together for several years after their marriage,

Jones v. Jones.

and most of the time occupied separate beds. After some short time succeeding their taking separate beds, she sold her bed to obtain necessaries; then he sold his. The bedclothes were laid in separate heaps; he lay on one, and she the other. He proclaimed that when he wanted to have connection with her, she had to submit to it, or do worse.

About fourteen years ago, the parties separated by agreement; the wife and her three children were taken, by request of the husband, to her father's, in Washington county, and they continued to live with him, and at his expense, until he died. Since the death of her father, she went to the defendant's house, and he took her and put her out of doors. She has continued to keep the children ever since. One of them, a female, about fifteen, is still with her. Several applications have been made, before this, by each party, for a divorce, all which have failed. The defendant is a man of property. He had entered one hundred and sixty acres of land, but caused the patent to issue in the name of his son-in-law, Stanbery, who afterwards, by defendant's direction, conveyed to Montgomery, another son-in-law, who paid the defendant for it three hundred dollars; and also conveyed another quarter of land to the defendant's son. The defendant spoke of the difficulties with his wife, while these conveyances were making, and said he did not know what might happen, and he wished that she should have no share of his property, as she did not help him earn it.

BY THE COURT. Some part of the conduct of these parties is inexplicable; but it seems they are not suited to live together, and all efforts to produce that result would be fruitless. His conduct has been highly exceptionable; her's may not have been altogether free from blame. Both parties have been striving for a divorce. In leaving his wife and children without support, he is altogether unjustifiable, and the effort he has made to place his property beyond the reach of the law, ought not to avail him. *It is ordered,* that the parties be divorced from *bed and board;* that she have the **156]** *custody of the male child, and that he pay to the complainant within sixty days, three hundred dollars for alimony, and the costs; and in default, that execution issue for the amount.